PER CURIAM.
Defendant-appellant seeks review of a final judgment in favor of plaintiff in the amount of $25,000 entered pursuant to a jury verdict.
Plaintiff corporation, Rayglo, Inc., whose principal officers were Mr. and Mrs. Simpson, purchased a wholesale laundry and dry cleaning business known as Modern Cleaners for $12,000 in January 1971. Modern had been a profitable operation for 15 years and the Simpsons retained in their employ Modern’s plant manager who had operated the plant for the past 10 years. On February 16, 1971 plaintiff entered into a contract to purchase from defendant, Baring Industries, Inc., three pieces of rebuilt equipment for the price of $7,600. The contract further provided that it would not become binding until plaintiff’s credit was approved and that delivery would be as soon as possible. Defendant estimated that delivery would be made in six to eight weeks. On March 17, 1971 plaintiff’s credit was approved and on the same day defendant’s representatives came and removed some old equipment which constituted a part of the purchase ' price of the new equipment. This new equipment was not delivered until April 17, 1971. Plaintiff’s operation became crippled as a result of this delay and it became necessary to send out its work to subcontractors. The Simpsons had to make additional cash investments, totaling approximately $7,000, in March 1971 to keep the business running. Between March 1971 and July *706 1971, plaintiff lost several of its largest and oldest accounts because of lost or damaged articles, bad service and late deliveries. Plaintiff attributed the above to the poor work performed by the ineffecient subcontractors. When the new equipment was delivered in April, it was defective in several respects. Defendant repaired some of the defects, but refused to repair others because plaintiff allegedly refused to sign a financing agreement. In October 1971 the business folded and thereafter plaintiff filed a suit alleging that defendant had breached the sales contract by failing to deliver certain equipment on time and providing defective equipment. The jury returned a verdict for plaintiff in the amount of $25,000. Defendant then made motions for judgment in accordance with directed verdict, new trial and remittitur which were denied.
Defendant-appellant raises several points on appeal, only one of which has merit, to wit: the evidence at trial was insufficient to support the jury award of $25,000.
It is fundamental that the damages to be allowed for breach of contract are not discretionary with the jury, but they are bound to give such damages as will fully indemnify the injured party and the court may interfere if the amount allowed is inadequate or excessive. See 9A Fla.Jur. Damages § 147 (1972). In light of the above principle, we have carefully reviewed the record with respect to the evidence presented on the issue of damages. After having completed our examination, we conclude that the evidence in the case sub judice, viewed most favorable toward the plaintiff, could support only a maximum verdict and judgment in the sum of $19,000 which represents approximately the total investment of the plaintiff in the laundry and dry cleaning enterprise during its 10 short months of operation. Thus, we find the verdict in the case at bar to be excessive and the trial court erred in not interfering and granting defendant’s motion for a remittitur.
Since the plaintiff has successfully prosecuted his case to judgment and the evidence clearly indicates the defendant’s liability and a verdict has been rendered in excess of the maximum recovery which the evidence will justify, the interest of justice will be best served by permitting the plaintiff to enter a remittitur reducing the judgment to the maximum which the evidence will support. See 2 Fla.Jur. Appeals § 352 (1963).
It is, therefore, the judgment of the court that unless plaintiff within 30 days after the mandate from this court is filed in the circuit court, enter a remittitur reducing the judgment to a sum of $19,000 as of its date of entry, the judgment will stand reversed for a new trial. If such re-mittitur is entered, the judgment as modified will stand affirmed.
It is so ordered.